UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKBARULLAH DARMAN, A-245-406-788,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No.  1:26-cv-4719 DAD AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I.      Factual Background

Petitioner is a native and citizen of Afghanistan who entered the United States on October 29, 2023.  ECF No. at 3 at 2; ECF No. 7-1 at 2.  The same day he was issued a Notice to Appear and released from custody on his own recognizance.  ECF No. 3-1 at 10, 13; ECF No. 7-1 at 2. On December 23, 2023, petitioner filed an Application for Asylum and for Withholding of Removal and was fully compliant with all conditions of his release through the date of his re-detention.  ECF No. 3 at 6, 8-9.  On June 4, 2026, petitioner was pulled over by law enforcement while working as a commercial truck driver and his vehicle passed inspection.  Id. at 9.  The officers then contacted ICE and erroneously reported petitioner as having no immigration status. Id.  Petitioner asserts that the warrant for his arrest under 8 U.S.C. § 1226(a) was issued

1

retroactively, the day after he was actually taken into custody.  Id.  Petitioner has no criminal history and has yet to receive either a pre- or post-deprivation hearing.  Id. at 3, 10-11.

II.    Procedural History

On June 18, 2026, petitioner, through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by the DHS.  ECF No. 3.  The petition asserts that petitioner's continued detention without a bond hearing violates the Immigration and Nationality Act (INA) and due process.  Id.  On June 23, 2026, respondents were directed to respond to the petition and "substantively address whether there are any factual or legal issues that materially distinguish this case from Rocha Chavarria v. Chestnut, No. 1:25-cv-1755 DAD AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), Ayala Cajina v. Wofford, No. 1:25-cv-1566 DAD AC, 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), and other similar cases previously decided by this court" ECF No. 6.  Respondents filed a response stating that they "do not identify material differences between this case and those identified in the Court's order."  ECF No. 7.  Respondents nonetheless oppose the petition, arguing that petitioner's rights have not been violated because he is subject to mandatory detention under 8 U.S.C. § 1225(b).  Id.  Petitioner has not yet filed a reply, but the undersigned finds that further briefing is not necessary to a fair adjudication of the motion.

III.    Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)).  In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

IV.    Discussion

Respondents present no factual or legal issues that materially distinguish this case from the court's prior orders in Rocha Chavarria, 2025 WL 3533606, and Ayala Cajina, 2025 WL

2

3251083, or any other similar cases previously decided by this court. Considering the facts of this case and respondents' concession that it is not materially distinguishable, the undersigned adopts and incorporates by reference the reasoning in Rocha Chavarria and Ayala Cajina and finds that petitioner's re-detention without a hearing before a neutral adjudicator, at which the government would be required to justify his re-detention by clear and convincing evidence, violates due process. Because relief is appropriate on this claim, the court declines to address petitioner's claim that his detention violates the INA, as it seeks the same or similar relief (*i.e.*, petitioner's immediate release).

<u>CONCLUSION</u>

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 3) be GRANTED, as follows:

   a. Respondents shall IMMEDIATELY RELEASE petitioner Akbarullah Darman, A-245-406-788, with the same conditions he was subject to immediately prior to his detention on June 4, 2026. At the time of release, respondents must return all of petitioner's documents and possessions.

   b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

   c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

   d. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal

2. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his June 4,

3

2026 detention.

3.  The Clerk of the Court is directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 6, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4